UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VALARIE PHILLIPS,<br><br>              Plaintiff,<br><br>       v.<br><br>KAISER HOSPITAL FOUNDATION, et al.,<br><br>              Defendants. | Case No.  25-cv-09679-HSG<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 7, 18 |

Pending before the Court are pro se Plaintiff's motion to remand, Dkt. No. 18, and Defendant The Permanente Medical Group's motion to dismiss, Dkt. No. 7.  The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b).  For the reasons discussed below, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss.

**I.     BACKGROUND**

Plaintiff Valarie Phillips filed a complaint in Alameda Superior Court in June 2024 against Defendants Kaiser Hospital Foundation ("Kaiser"), The Permanente Medical Group, Inc. ("Permanente"), Shasta Addessi, and Shefali Singla.  *See* Dkt. No. 1-2, Ex. A.[1]  Plaintiff amended her complaint on September 29, 2025.  *See* Dkt. No. 1-2, Ex. B ("FAC").  In the operative amended complaint, Plaintiff brings more than a dozen claims, including claims for Title VII racial discrimination, harassment, statutory discrimination, retaliation, negligence, and fraud, all apparently stemming from alleged racial discrimination and misconduct in Plaintiff's workplace at

_____

[1] Kaiser Hospital Santa Clara was also named as a defendant in the original complaint only.

Kaiser Medical Center.  *See id.* at 18, 25, 33, 38, 60, 63, 81.[2]  Defendant Permanente removed to federal court on November 10, 2025.  Dkt. No. 1.

## II.   MOTION TO REMAND

Plaintiff moves to remand, arguing that the Court lacks subject matter jurisdiction and that removal was untimely.  Dkt. No. 18 at 2–3.  A defendant may remove a state court action when the federal court has federal question jurisdiction.  *See* 28 U.S.C § 1441(a).  The federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotation omitted).  On a motion to remand, a federal court must presume that a cause of action lies beyond its subject matter jurisdiction, *id.*, and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing federal jurisdiction.  *See Gaus*, 980 F.2d at 566–67.

The Court clearly has federal question jurisdiction.  Plaintiff brings at least one cause of action under Title VII.  *See, e.g.*, FAC at 25, 27, 35.  Plaintiff states that her original action did not assert any federal claims, and "[a] trifle mention of a federal law in subsequent pleadings would not give rise to federal jurisdiction."  Dkt. No. 18 at 4.  She also states that "the actions of the defendant are not alleged as arising directly but indirectly" from Title VII.  *Id.* at 3.  But these statements mischaracterize the plain language of the complaint.  *See, e.g.*, FAC at 40 ("Plaintiff does herein allege COUNTS- Shasta/Kaiser/KFH/TPMG are liable for the acts and inactions in violation of Plaintiff Title VII of the Civil Rights Act of 1964.").

Plaintiff also argues that removal was untimely because Defendants removed the case on November 10, 2025, more than 30 days after Plaintiff filed her amended complaint on September 29, 2025.  *See* Dkt. No. 18 at 3.  The Court does not reach the merits of this dispute because "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Plaintiff moved to remand more than 30 days after the notice of removal was

---

[2] The Court cites to ECF pagination rather than internal pagination.

filed, and she has waived this procedural challenge. *See* Dkt. No. 1 (November 10); Dkt. No. 18 (December 18); *see also Corona-Contreras v. Gruel*, 857 F.3d 1025, 1030 (9th Cir. 2017) ("[W]e need not decide whether the removal was untimely under § 1446(b) because even if it was, the district court lacked the authority to remand on this basis absent a timely motion to remand by [the plaintiff].").[3] Accordingly, the Court **DENIES** Plaintiff's motion.

### III. MOTION TO DISMISS

Defendant Permanente moves to dismiss, arguing that Plaintiff's complaint "disregards the basic pleading standards mandated by Rules 8 and 10" and "deprives Defendant of fair notice of the claims asserted." Dkt. No. 7 ("Mot.") at 12–13. A complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). The Ninth Circuit has repeatedly affirmed dismissals of complaints that violated these requirements, noting that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges," do not identify "what claims are made against whom," and "fail[] to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming Rule 8 dismissal for complaint that was "verbose, confusing[,] and conclusory"); *cf.* Fed. R. Civ. Proc. 12(e) (allowing a court to order a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response").

"Pleadings must be construed so as to do justice," Fed. R. Civ. Proc. 8(e), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

---

[3] Even if the Court had reached this argument, this would not be a basis for remand. Defendants' 30-day clock for removal began upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 26 U.S.C. § 1446(b). Here, Defendant Permanente's undisputed declaration states that it did not receive Plaintiff's first amended complaint until October 10, 2025, 30 days before it removed. Dkt. No. 1-2 ¶¶ 4–5, Ex. C; *see also* Fed. R. Civ. Proc. 6(a)(1)(C) (stating that deadline that falls on a Sunday continues until next day).

pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Nevertheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Even liberally construing Plaintiff's allegations, the complaint here deviates too far from the requirement that "[e]ach allegation [ ] be simple, concise, and direct" to proceed as pled. Fed. R. Civ. Proc. 8(d)(1). Plaintiff's complaint is more than seventy pages long, asserting more than a dozen legal claims that may extend to over a hundred different counts. Plaintiff's complaint is ostensibly structured around sub-headings identifying various causes of action. *See*, *e.g.*, FAC at 27 ("CAUSE OF ACTION RACIAL DISCRIMINATION California Fair Employment and Housing Act, Gov. Code, § 12900 et. al. Civ. Code §§2338 and 2339"). However, these sub-sections are split into numbered "counts," each of which states one specific set of factual allegations. *See, e.g.*, *id.* at 25. At the end of one or more of these counts, the complaint lists five to ten legal causes of action, which Plaintiff often asserts against all Defendants simultaneously with limited explanation. *See, e.g.*, *id.* at 27, 32, 33, 37. The allegations are frequently confusing and/or conclusory, the allegations jump around in content and chronology, and Plaintiff frequently does not explain how the factual allegations relate to the purported legal violations (though the Court can infer Plaintiff's intent in some cases).

One example of this is the negligent hiring and training section of Plaintiff's complaint, which the Court uses as an illustration. *See id.* at 82–88. Plaintiff alleges that she was notified in June 2022 that front-line patient care coordination registered nurses ("PCC RNs" or "PCCs") were not following internal or regulatory guidelines. *Id.* at 83. She allegedly developed a new hire competency orientation and training to address this, but "Non-African American department leaders refused, failed and influenced staff not to participate with the orientation and training." *Id.* She then continued to attempt to establish these workflows and processes "while working in a hostile work environment." *Id.* at 83–84. She alleges that she received a May 2023 email "noting the lack of knowledge of PCCs to carry out basic compliance functions of their jobs." *Id.* at 84. While these allegations are clear enough, the complaint then jumps to a series of conclusory legal assertions and claims, most of which do not relate to negligent hiring and training, and some of

which are disconnected from the facts above:

> [COUNT 70:] May 2023, email noting PCC not correctly reviewing or reviewing patient class results in false reporting of claims and poor patient outcomes.  Plaintiff was demeaned, defamed and racially discriminated against when developing, drafting, and implementing policies and procedures, workflows, process which complied with federal, state, local, organization, and industry practices related to discharge planning for a public/private hospital.  Kaiser and [Permanente] failed to comply [with] federal, state, and local regulations related to discharge planning by neglecting to enforce policies, procedures, workflows, orientation, and training for employees directly involved discharge planning and PCC RNs damaging Plaintiff and patient under their care.  Plaintiff alleges that Kaiser and [Permanente] violated Plaintiff Civil Rights under Title VII (2) violated Plaintiff duty to deliver equal care, equal access to care, and equal quality of care to patients Civil Rights under Title VII, Title 22, Title 16 an disability discrimination in violation of Government Code § 12940(a) is alleged in COUNTS 68-70 and violated; (3) retaliation in violation of Government Code § 12940(h); (4) race discrimination in violation of Government Code § 12940(a); (5) age discrimination in violation of Government Code § 12940(a); (6) whistleblower retaliation Labor Code § 1102.5; (7) hostile work environment in violation of Government Code §§ 12923, 12940(j); (8) Civil Rights Violation; (9) Failure to Prevent Harassment, Discrimination and Retaliation in violation of Government Code § 12940(k); (10) violation of Equal Pay Act, Labor Code § 1197.5 as claimed herein.

*Id.* at 84–85.  The very next paragraph/count in this section then asserts at least eight additional claims against Defendants Kaiser, Permanente, and Singla arising out of a seemingly distinct set of facts regarding Defendant Singla's alleged racial discrimination against Plaintiff.  *Id.* at 85–86. This pattern of pleading is repeated throughout Plaintiff's complaint.

These allegations are too confusing, redundant, prolix, and/or conclusory for Defendants to respond to or for the Court to meaningfully review.  For example, it is unclear how many of these factual "counts" relate to each other, how the negligent training allegations in this section could state a claim for (as an example) whistleblower retaliation, and whether the legal violations described here are separate from the same causes of action raised alongside other, distinct factual allegations in the complaint.

Plaintiff only briefly addresses Defendant's Rule 8 arguments in her opposition.  She argues that any suggestion that her complaint is unclear contradicts Defendant's argument that there is a well-pleaded federal question granting this Court jurisdiction.  Dkt. No. 25 at 8.  The

Court disagrees.  It's obvious that Plaintiff is asserting certain state and federal claims in her complaint, even if it's not clear which factual allegations relate to which specific legal claims against which Defendants.  She also argues that "[d]enying plaintiff the right to identify her wounds and the individuals responsible for causing the wound further[s] the injuries to the plaintiff." *Id.* at 5.  But the Court is not telling Plaintiff that she must exclude these factual allegations—she simply must restructure her complaint in a manner that is consistent with Rule 8 and clearly articulates the nature of her claims for Defendants to respond to.

## IV.    CONCLUSION

The Court **DENIES** Plaintiff's motion to remand, Dkt. No. 18, and **GRANTS** Defendant Permanente's motion to dismiss, Dkt. No. 7.  Plaintiff's claims are **DISMISSED WITH LEAVE TO AMEND**. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that the court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts" (quotation omitted)).[4]  On amendment, Plaintiff should include a "Statement of Facts" section in her complaint that clearly and concisely lists the factual allegations.  Plaintiff should then identify a set of numbered legal claims she is asserting, each of which states in a simple and concise manner which Defendants the claim is asserted against and the basis for the claim.  The complaint should be written using numbered paragraphs.  *See* Fed. R. Civ. Proc. 10(b).  Plaintiff is encouraged to use the Court's form complaint, which is available on the Court's website.  *See* https://cand.uscourts.gov/representing-yourself/legal-help-center-templates-packets.

Any amended complaint must be filed within 28 days of the date of this order and may not include any new claims or defendants.  Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend.  In addition, Plaintiff's amended complaint may be dismissed if she does not correct the deficiencies the Court

---

[4] Defendant requests dismissal with prejudice and without leave to amend, asserting that amendment would be futile. Dkt. No. 7 at 22.  The Court views that seemingly rote request as plainly inconsistent with well-established controlling authority at this stage, where this is the Court's first opportunity to explain the defects in the complaint to Plaintiff.

has identified in this order.[5]

The Court further advises Plaintiff, who is representing herself, that she can seek assistance at the Legal Help Center if she desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

The Court also **ORDERS** the Clerk to update the caption to reflect the correct spelling of Plaintiff's first name ("Valarie").

**IT IS SO ORDERED.**

Dated:    4/20/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

[5] The Court also notes that Defendants Addessi and Singla have not yet been served. Plaintiff must serve these individual Defendants if she wishes to pursue an action against them. Otherwise, the Court will dismiss these Defendants pursuant to Federal Rule of Civil Procedure 4(m).