SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Justin Stucki (SBN 357215)
jstucki@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VALARIE PHILIPS, in Pro Per,<br><br>Plaintiff,<br><br>v.<br><br>KAISER HOSPITAL FOUNDATION; SHASTA ADDESSI; KAISER HOSPITAL SANTA CLARA; THE PERMANENTE MEDICAL GROUP; SHEFALI SINGLA; and DOES 1-50<br><br>Defendants. | Case No. 4:25-cv-09679-HSG<br><br>**DEFENDANT THE PERMANENTE MEDICAL GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF VALARIE PHILLIPS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       July 16, 2026.<br>Time:      2:00 p.m.<br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Location: Courtroom 2, 4th Floor<br>               1301 Clay Street,<br>               Oakland, CA 94612 |

**TABLE OF CONTENTS**

I.  INTRODUCTION ...............................................................................................................2

II.  SUMMARY OF RELEVANT FACTS AND PROCEDURE.........................................2

  A.  Plaintiff's Allegations. ..........................................................................................2

  B.  Procedural History. ...............................................................................................4

III.  LEGAL STANDARD.........................................................................................................4

IV.  ARGUMENT ......................................................................................................................5

  A.  Plaintiff's Title VII Claims Are Time-Barred. ....................................................5

  B.  Plaintiff's Causes of Action for Discrimination and Retaliation Must Fail Because the FAC Does Not Plausibly Allege an Adverse Employment Action. ...........................6

  C.  Plaintiff's SAC Is an Impermissible Shotgun Pleading. ......................................7

V.  CONCLUSION...................................................................................................................8

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT        Case No. 4:25-CV-09679-HSG

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................... 1, 4, 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................. 1

*Chuang v. University of California Davis, Bd. Of Trustees*,
    225 F.3d 1115 (9th Cir. 2008) ............................................................................................ 7

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) .............................................................................................. 8

*Gamble v. City of Escondido*,
    104 F.3d 300 (9th Cir. 1997) .............................................................................................. 6

*Ghazali v. Moran*,
    46 F.3d 52 (9th Cir. 1995) .................................................................................................. 8

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992 (9th Cir. 2006) .............................................................................................. 5

*Ivey v. Bd. of Regents of the Univ. of Alaska*,
    673 F.2d 266 (9th Cir. 1982) .............................................................................................. 4

*Jasch v. Potter*,
    302 F.3d 1092 (9th Cir. 2022) ............................................................................................ 5

*Jones v. Mohave Cnty.*,
    2012 WL 79882 (D. Ariz. Jan 11, 2012) ........................................................................... 4

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973)............................................................................................................ 6

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) .............................................................................................. 8

*Miller v. Maxwell's Intern. Inc.*,
    991 F.2d 583 (9th Cir. 1993) .............................................................................................. 6

*Muldrow v. City of St. Louis*,
    601 U.S. 346 (2024)......................................................................................................... 6, 7

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002)............................................................................................................ 5

*Payan v. Aramark Mgmt. Servs. Ltd. P'ship*,
    495 F.3d 1119 (9th Cir. 2007) ............................................................................................ 5

ii

*Ray v. Henderson*,
217 F.3d 1234 (9th Cir. 2000) ................................................................................................. 6

*Scholar v. Pac. Bell*,
963 F.2d 264 (9th Cir. 1992) .................................................................................................. 5

*Sollberger v. Wachovia Sec., LLC*,
No. SACV 09-0766AGANX, 2010 WL 2674456 (C.D. Cal. June 30, 2010) ................................. 8

*In re Sorrento Therapeutics, Inc. Secs. Litig.*,
97 F.4th 634 (9th Cir. 2024) .................................................................................................. 4

*Surrell v. Cal. Water Serv. Co.*,
518 F.3d 1097 (9th Cir. 2008) ............................................................................................... 5

*Yeager v. Corr. Corp. of Am.*,
944 F. Supp. 2d 913 (E.D. Cal. 2013) .................................................................................... 6

**State Cases**

*Guz v. Bechtel Nat'l, Inc.*,
24 Cal. 4th 317 (2000) .......................................................................................................... 6

*Holmes v. Petrovich Dev. Co.*,
LLC, 191 Cal. App. 4th 1047 (2011) ................................................................................... 6, 7

*Yanowitz v. L'Oreal USA, Inc.*,
36 Cal. 4th 1028 (2005) ..................................................................................................... 6, 7

**Federal Statutes**

42 U.S.C. § 2000e-5(e)(1) ....................................................................................................... 5

42 U.S.C. § 2000e-5(f)(1) ..................................................................................................... 1, 5

Civil Rights Act of 1964 Title VII ...................................................................................*passim*

**State Statutes**

California Government Code § 12940 ....................................................................................... 3

**Rules**

Fed. R. Civ. P. 8 ...............................................................................................................*passim*

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 4, 7

Fed. R. Civ. P. 8(d)(1) ............................................................................................................. 7

Fed. R. Civ. P. 10 ............................................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 4

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT          Case No. 4:25-CV-09679-HSG

## <u>NOTICE OF MOTION AND MOTION</u>

**PLEASE TAKE NOTICE** that on **July 16, 2026**, at **2:00 p.m.**, or as soon thereafter as the matter may be heard in the above-titled Court, in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Defendant THE PERMANENTE MEDICAL GROUP, INC. ("TPMG"), will, and hereby does, move to dismiss the entirety of Plaintiff Valarie Phillips' ("Plaintiff") Second Amended Complaint ("SAC")[1] under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for the following reasons:

First, Defendant will, and hereby does, move to dismiss Plaintiff's First, Third, and Fifth Claims for Relief under Title VII of the Civil Rights Act of 1964 ("Title VII") on the grounds that they are time-barred under 42 U.S.C. § 2000e-5(f)(1), which requires that a civil action be filed within 90 days of receipt of the EEOC's right-to-sue notice.

Second, Defendant will, and hereby does, move to dismiss Plaintiff's claims for discrimination and retaliation under Title VII and FEHA on the grounds that the SAC fails to plausibly allege any cognizable adverse employment action, as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Third, Defendant will, and hereby does, move to dismiss all of Plaintiff's claims on the grounds that her FAC is an impermissible "shotgun pleading" that violates Federal Rules of Civil Procedure 8 and 10.

For these reasons, TPMG asks that the Court dismiss the SAC in its entirety, with prejudice and without leave to amend.

---

[1] Plaintiff titles her pleading as the "First Amended Complaint." However, the complaint that was removed to this Court was already the First Amended Complaint in this action. Accordingly, TPMG refers to the operative pleading in this Motion to Dismiss as the Second Amended Complaint.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") is a twenty-two-page narrative asserting six purported causes of action under federal and state law, including Title VII and FEHA. The pleading is vague, conclusory, and fails to comply with the basic requirements of Federal Rules of Civil Procedure 8 and 10. Plaintiff does not provide a short and plain statement of any claim, nor does she distinguish between Defendants or properly identify the factual basis for each cause of action. Instead, the FAC consists of repetitive allegations, indiscriminate incorporation of dozens of paragraphs into each claim, and "shotgun" pleading that makes it impossible for TPMG to frame a meaningful response.

Beyond procedural defects, the FAC fails substantively for two reasons: First, Plaintiff's Title VII claims are barred on their face by the applicable Statute of Limitations. Plaintiff affirmatively pleads that the EEOC issued her a Right-to-Sue letter on July 25, 2023, yet she did not commence this action until June 2024—nearly a year too late. Second, Plaintiff fails to plead facts establishing an essential element of her discrimination and retaliation claims—that she suffered any adverse employment action. She does not allege that she was terminated, demoted, or subjected to a material change in the terms or conditions of her employment. Instead, she catalogs offensive comments, interpersonal disputes, and generalized references to "discipline" and "performance improvement plans," which are insufficient to support liability in this context.

Because the SAC is both procedurally and substantively deficient, and because Plaintiff, a serial litigant against Kaiser-related entities, has already had multiple opportunities to plead her claims, amendment would be futile. TPMG respectfully requests that the Court dismiss the SAC in its entirety as against TPMG, with prejudice and without leave to amend.

### II.     SUMMARY OF RELEVANT FACTS AND PROCEDURE

#### A.      Plaintiff's Allegations.

Plaintiff identifies herself as an African American employee hired on June 6, 2022, as Coordinator of Care Service Director ("COCSD") at Kaiser Foundation Hospitals' Santa Clara Medical Center. SAC, ¶ 13. The SAC names two Defendants: Kaiser Foundation Hospital and TPMG. *See*

2

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT          Case No. 4:25-CV-09679-HSG

*generally* SAC.[2] Plaintiff alleges that TPMG is "the largest physician led medical group in the United States and part of the Kaiser Permanente Healthcare Matrix"—a separate entity from Kaiser Foundation Hospitals, which "owns and operates all acute care hospitals" within the Kaiser consortium. *Id.*, ¶ 2. Notably, the FAC does not allege that TPMG—the only entity served in this action—ever employed Plaintiff. *See generally id.*

The SAC asserts six Claims for Relief: (1) Title VII Racial Discrimination; (2) Racial Discrimination in violation of California Government Code § 12940; (3) Title VII Harassment and Hostile Work Environment; (4) Harassment and Hostile Work Environment in violation of California Government Code § 12940; (5) Retaliation in violation of Title VII; and (6) Retaliation in violation of California Government Code § 12940. *See generally id.*

The factual allegations span events from approximately July 2022 through June 2023 , and consist largely of allegations regarding offensive comments by unnamed coworkers, memes circulated by email, generalized references to "discipline," "performance improvement plans," and various interpersonal conflicts regarding staffing, hiring, and patient discharge practices. *See e.g., id.*, ¶¶ 19, 28, 34, . Plaintiff's Second, Third, Fourth, and Sixth causes of action "incorporate" by reference the entirety of the preceding factual allegations. Sometimes, Plaintiff's enumerated causes of action contain no further factual, and instead conclusorily rely solely on the preceding allegations. *See e.g., id.*, ¶ 37 ("Plaintiff incorporates herein paragraphs 13-36. Defendants; Kaiser Foundation Hospital; The Permanente Medical Group action or racial discrimination under Title VII also violated California Government Code section 12940 et. Al which also protects against racial discrimination").

Plaintiff further alleges that she filed a charge with the EEOC "on/or about September 2022," and that "[o]n July 25, 2023, a Right to Sue Letter was issued by the EEOC on file 556-2023-0045." SAC, ¶ 17. Plaintiff separately alleges that she received a Right-to-Sue letter from the California Civil Rights Department on July 28, 2025. *Id.*

---

[2] The prior iteration of Plaintiff's complaint named individual defendants Shasta Addessi and Shefali Singla; however, the operative Second Amended Complaint names only Kaiser Foundation Hospital and The Permanente Medical Group as defendants. Accordingly, Plaintiff appears to have voluntarily dismissed the individual defendants from this action.

3

**B.  Procedural History.**

On or about June 5, 2024, Plaintiff filed her initial Judicial Council form complaint (PLD-PI-001) in the Superior Court of California, County of Alameda. Declaration of Justin Stucki In Support of TPMG's Motion to Dismiss ("Stucki Decl.") ¶ 2, ECF No. 7-1.

TPMG demurred to the Complaint in state court on June 30, 2025. *Id.* ¶ 4. While that demurrer was pending, Plaintiff filed a First Amended Complaint ("FAC") on or about September 29, 2025. *Id.* ¶ 5, Ex. B. The FAC revealed federal causes of action, and TPMG removed this action to the above-captioned Court on November 10, 2025. ECF No. 1. Subsequently, TPMG moved to dismiss Plaintiff's FAC on November 17, 2025. ECF No. 7. Plaintiff filed a Motion to Remand this action to state court on December 18, 2025. ECF No. 18. Plaintiff filed her Opposition to TPMG's Motion to Dismiss the FAC on January 12, 2026. ECF No. 25.

This Court, having taken the matter under submission, issued its order denying Plaintiff's Motion to Remand and Granting TPMG's Motion to Dismiss on April 20, 2026. ECF No.  31. Plaintiff timely filed the at-issue SAC on May 14, 2026. ECF No. 32.

## III.  LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, 2012 WL 79882, at \*1 (D. Ariz. Jan 11, 2012). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may also dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Secs. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, "the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones v. Mohave Cnty.*, 2012 WL 79882, at \*1 (D. Ariz. Jan. 11, 2012) (internal citations omitted) "[I]n giving liberal interpretation to a pro se complaint, the court is not permitted to 'supply essential elements of the claim that were not initially pled.'" *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

4

A statute-of-limitations defense may be raised by motion to dismiss when, as here, "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

## IV.   ARGUMENT

### A.   Plaintiff's Title VII Claims Are Time-Barred.

Plaintiff's First, Third, and Fifth Claims for Relief, brought under Title VII, are barred on the face of the SAC by Title VII's 90-day statute of limitations. Before filing a civil action under Title VII, a plaintiff must (1) timely file a charge with the EEOC and (2) receive a right-to-sue letter from the agency. 42 U.S.C. § 2000e-5(e)(1); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2022). Once the EEOC issues a right-to-sue notice, the plaintiff must file her civil action within 90 days of receipt of that notice. 42 U.S.C. § 2000e-5(f)(1). The 90-day limitations period is strictly enforced. *See Scholar v. Pac. Bell*, 963 F.2d 264, 267–68 (9th Cir. 1992); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121–22 (9th Cir. 2007). Where receipt is not specifically alleged, the Ninth Circuit applies a rebuttable presumption that the notice was received three days after mailing. *Payan*, 495 F.3d at 1126.

Here, the FAC affirmatively pleads that the EEOC issued Plaintiff a Right-to-Sue letter on July 25, 2023. SAC, ¶ 17. Applying the three-day mailing presumption, Plaintiff is deemed to have received the letter no later than July 28, 2023. The 90-day filing window thus expired on or about October 26, 2023. Plaintiff did not commence this action until June 5, 2024—nearly a year after the 90-day filing window had passed. Stucki Decl., ¶ 2, ECF No. 7-1.

Plaintiff cannot rely on the July 28, 2025 CRD Right-to-Sue letter to revive her federal claims. The 90-day Title VII clock runs from the EEOC notice, not from any later-issued state-agency notice. *See* 42 U.S.C. § 2000e-5(f)(1); *see Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104–05 (9th Cir. 2008). Nor does the SAC plead any facts that could plausibly support equitable tolling, which is "to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (superseded by statute on other grounds).

Because Plaintiff's Title VII claims are time-barred on the face of the FAC, and amendment cannot cure this defect, the First, Third, and Fifth Claims for Relief should be dismissed with prejudice.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT        Case No. 4:25-CV-09679-HSG

**B.    Plaintiff's Causes of Action for Discrimination and Retaliation Must Fail Because the FAC Does Not Plausibly Allege an Adverse Employment Action.**

Even if Plaintiff's Title VII claims were timely (which they are not), and as to her FEHA claims, Plaintiff's discrimination and retaliation claims (Claims 1, 2, 5, and 6) must be dismissed because she fails to plead facts plausibly establishing an essential element of each: a cognizable adverse employment action.

In general, the elements of discrimination claims under FEHA and Title VII are the same. *See Gamble v. City of Escondido*, 104 F.3d 300, 304–05 (9th Cir. 1997). To state a discrimination claim, a plaintiff must allege that she belongs to a protected class, was performing her job competently, suffered an adverse employment action, and that circumstances suggest a discriminatory motive. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000). To state a retaliation claim under Title VII or FEHA, a plaintiff must allege protected activity, an adverse employment action, and a causal link between the two, supported by facts showing retaliatory animus. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Yeager v. Corr. Corp. of Am.*, 944 F. Supp. 2d 913, 924 (E.D. Cal. 2013); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042–47 (2005).

An adverse employment action "requires a substantial adverse change in the terms and conditions of the plaintiff's employment." *Holmes v. Petrovich Dev. Co.,* LLC, 191 Cal. App. 4th 1047, 1063 (2011) (internal quotations omitted). "[A] mere offensive utterance or . . . a pattern of social slights by either the employer or coemployees cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment for purposes of [the FEHA]." *Yanowitz*, 36 Cal. 4th at 1054; *see also Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (holding that the plaintiff must show that the alleged adverse action brought about some disadvantageous change in an employment term or condition).

Here, Plaintiff does not plausibly plead discrimination or retaliation under any theory. As a threshold matter, Plaintiff does not allege that TPMG ever employed her. The FAC alleges only that Plaintiff was employed at "Kaiser Medical Center Santa Clara," part of Kaiser Foundation Hospitals and that TPMG is a "separate" physician-led medical group. SAC, ¶¶ 4, 9. Title VII and FEHA liability extends only to a plaintiff's employer. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587–88 (9th

6

Cir. 1993). On this basis alone, the discrimination and retaliation claims against TPMG should be dismissed.

In any event, nowhere in her twenty-two-page complaint does Plaintiff allege that she experienced an adverse employment action. Plaintiff merely recites events that allegedly occurred during her ongoing employment. She does not claim that she was terminated, demoted, transferred, denied a promotion she actually sought, or otherwise subjected to materially adverse treatment by her employer. *See, e.g., Holmes*, 191 Cal. App. 4th at 1063; *Yanowitz*, 36 Cal. 4th at 1054; *Muldrow*, 601 U.S. at 354.

Instead, Plaintiff relies on a series of vague, generalized, and conclusory characterizations that do not approach the adverse-action standard. Plaintiff makes conclusory references to being "disciplined" and "written up" without identifying any concrete change to her pay, title, benefits, or duties, placement on a "performance improvement plan", unaccompanied by any allegation of resulting changes in compensation or status. *See e.g.,* SAC, ¶¶ 28, 40, 76.  Such conduct, without more, is insufficient to constitute an adverse employment action. *See* Yanowitz, 36 Cal. 4th at 1054. Negative performance reviews and write-ups, without tangible consequences, are not adverse actions. *See Chuang v. University of California Davis, Bd. Of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2008) (an adverse employment action is one that "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment").

Plaintiff's repeated, conclusory assertions that her "wages" or "job opportunities" were "impacted" are precisely the type of "legal conclusion[s] couched as . . . factual allegation[s]" that this Court must disregard. *Iqbal*, 556 U.S. at 678. The SAC does not identify any specific promotion that Plaintiff sought and was denied, any specific reduction in her salary, or any other concrete and material change in her employment status.

Accordingly, Plaintiff's First, Second, Fifth, and Sixth Claims for Relief must be dismissed.

### C.    Plaintiff's SAC Is an Impermissible Shotgun Pleading.

Beyond its substantive defects, the SAC is an impermissible "shotgun pleading" that violates Rule 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) demands that "[e]ach allegation must be simple, concise, and direct."

7

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT          Case No. 4:25-CV-09679-HSG

Courts routinely dismiss "shotgun" pleadings that "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at \*4 (C.D. Cal. June 30, 2010); *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se plaintiffs must comply with pleading requirements).

The SAC exemplifies these defects. First, as noted above, many of Plaintiff's claims indiscriminately incorporate all preceding factual allegations. *See, e.g.*, SAC ¶ 37. This sweeping incorporation is a hallmark of shotgun pleading. *Sollberger*, 2010 WL 2674456, at \*4. Second, the SAC improperly lumps the two named Defendants together, referring generically to "Defendants" without identifying which conduct is attributable to which entity. *See, e.g.*, SAC ¶ 15. This approach fails to provide fair notice of the specific allegations against each defendant, particularly as to TPMG, which the SAC itself describes as a separate physician-led medical group and does not allege that it employed Plaintiff. Finally, the SAC strings together dozens of allegations spanning a year-long period—comments by unidentified coworkers, references to "executive leadership," memes, and disputes over staffing, hiring, and patient care—without linking any specific allegation to the elements of any claim. *See, e.g.*, SAC ¶¶ 14–36.

Accordingly, dismissal of the SAC as against TPMG for failing to comply with Rule 8 is warranted.

## V.    CONCLUSION

For these reasons, the FAC should be dismissed as to TPMG. The Title VII claims (First, Third, and Fifth) should be dismissed with prejudice as time-barred. The remaining claims should be dismissed for failure to allege an adverse employment action and to comply with Rule 8. Given Plaintiff has already been given the opportunity to amend, further amendment would be futile, and dismissal should be with prejudice.

///

///

///

8

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT          Case No. 4:25-CV-09679-HSG

DATED: June 1, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Christian J. Rowley
Justin Stucki

Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP, INC.

9

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On June 1, 2026, I served the within document(s):

DEFENDANT THE PERMANENTE MEDICAL GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF VALARIE PHILLIPS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒ electronically by using the Court's ECF/CM System.

Valarie Phillips
3964 Rivermark Plaza, #409
Santa Clara, CA  95054
T:  (901) 500-6366
phillips5phillips3phillips3@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 1, 2026, at San Francisco, California.

_Juliana Blackwell_
Juliana Blackwell

326279181v.1

PROOF OF SERVICE
CASE NO.: 4:25-CV-09679-HSG